**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CATHY AND ALBERT MADERE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-2889** |
| **STATE FARM & CASUALTY COMPANY** | **SECTION "K"(4)** |

This cause came for hearing on July 26, 2006, upon the motion of plaintiffs, Cathy and

Albert Madere ("the Maderes"), to remand the case to state court. Oral argument was not

entertained by the Court; therefore, the matter was taken under submission on the briefs only.

The Court, having studied the record, the legal memoranda submitted by the parties, as well as

the applicable law and jurisprudence, is now fully advised in the premises and ready to rule.

## ORDER AND REASONS

### I.    BACKGROUND

The Maderes are owners of property located in Plaquemines Parish that sustained damage

due to Hurricane Katrina. The defendant, State Farm Fire & Casualty Company ("State Farm")

issued two insurance policies covering the Maderes' property:  (1) a homeowner's policy; and

(2) a Standard Flood Insurance Policy ("SFIP"), issued by State Farm and underwritten by the

National Flood Insurance Plan and/or FEMA. The homeowner's policy insured the dwelling for

$171,190 and contents for $119,833.  The limits of the SFIP are in dispute.[1]  Regardless, there is

no dispute that State Farm paid the limits under the flood insurance policy, along with

$12,768.25 for additional wind damage, food spoilage and loss of use under their homeowners

policy.  (See Plaintiff's Exhibits 2; Plaintiff's Exhibit 3.)  To date, the Maderes have received a

total of $162,778.25 or $173,768.25, depending on the actual amount paid on the flood policy.

The Maderes filed their Petition for Damages in the 25th JDC for the Parish of

Plaquemines on April 27, 2006, asserting a breach of contract claim against State Farm for the

alleged failure to honor its obligation under a homeowner's insurance policy.  The state court

petition states that the plaintiffs do not seek damages in excess of $74,999.00.

State Farm removed the Madere's lawsuit to this Court pursuant to 28 U.S.C. §1332,

contending that the allegations on the face of the Petition claim damages in an amount greater

than $75,000.00.  Secondly, the defendant asserts that this Court has independent original

jurisdiction to hear this case under 28 U.S.C. §1369, the MMTJA.  Finally, the defendant

submits that this Court may exercise federal question jurisdiction through 28 U.S.C. §1331, as

the Maderes claims raise substantial federal issues that necessitate resolution in a federal forum.

By this motion, the Maderes seek a remand to state court and also seek their attorney's

fees and costs for having to bring the instant motion.

---

[1]Plaintiffs' Exhibit 1 is a settlement letter and Statement of Loss bearing the claim number 18-R318-875, in which they claim State Farm paid the policy limits of $160,00 for the flood insurance.  The defendant claims that this claim number deals with an entirely different and unrelated property owned by the plaintiffs in Triumph, Louisiana insured under different and unrelated policies.  The defendant submits that State Farm has paid the plaintiffs, under the flood insurance policy, $150,000.

II.      **Law and Analysis**

   A.      **Removal**

A defendant may generally remove a civil action filed in state court if the federal court

has original jurisdiction over the action.  28 U.S.C. §1441(a).  The removing party bears the

burden of showing that federal jurisdiction exists.  See Allen v. R.&H Oil & Gas Co., 63 F.3d

1326, 1335 (5th Cir. 1995).  In assessing whether removal was appropriate, the Court is guided by

the principle that federal courts are courts of limited jurisdiction which are precluded from

entertaining a suit unless authorized by law.  Coury v. Prot, 85 F.3d 244 (5th Cir. 1996).  The

Court may remand the case to state court "[i]f at any time before final judgment it appears that

the district court lacks subject matter jurisdiction."  28 U.S.C. §1447(c).

   1.      **Diversity Jurisdiction**

Under 28 U.S.C. §1332(a), a federal court has jurisdiction over the subject matter of a

civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of

interests and costs, and is between citizens of different states.  It is uncontested in the present

case that the suit was commenced by resident plaintiffs against State Farm, a nonresident

defendant.  At issue is the amount in controversy.

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in

controversy is sufficient to support federal jurisdiction differs depending on whether the

plaintiff's complaint alleges a specific amount of monetary damages.  See Allen, 63 F.3d at

1335.  When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth

Circuit requires the removing defendant to prove by a preponderance of the evidence that the

amount in controversy exceeds $75,000.00  Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th

Cir. 1999); Allen, F.3d at 1335; see also De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995).  A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied.  Allen, 63 F.3d 1335.  Where the "facially apparent" test is not met, it is appropriate for the Court to consider summary  judgment-type evidence relevant to the amount in controversy at the time of removal.  Id. at 1336.

The pertinent portions of plaintiffs' Petition show that more than $75,000 in damages are involved in this case.  The Maderes allege a total loss of their home.  (See Petition ¶9.)  The Petition states that the  homeowner's policy has dwelling and coverage policy in the amount of $289,000.  (See Petition ¶4.)  (Plaintiffs' figures are slightly off, as the actual limits of coverage total $291,023.)  On the face of the Petition, plaintiffs have received a total of $162,778.25 or $173,768.25, depending on the actual amount paid on the flood policy.  After deducting this amount from the total amount of coverage under the homeowner's policy, State Farm faces at least $128,244.74 in liability.   The Court finds that the defendant has met its burden of showing that the jurisdictional amount of $75,000 is satisfied.

If the defendant meets its burden of showing the requisite amount in controversy, the plaintiff can defeat removal only be establishing, with legal certainty, that the claims are for less than $75,000.  See De Aguilar, 47 F.3d at 1411-12.  Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him.  (See 6/7/2006 Order, Davis, et al v. State Farm Fire & Casualty, et al, docket no.: 06-CV-0560. E.D. La. 2006, p. 10 (quoting La. Code Civ. Proc. art. 862;  Crosby v.

Lassen Canyon Nursery, Inc., 2003 WL 22533617 * 3 (E.D. La. 2003)).  In Davis, Judge Vance

addressed a plaintiff's post-removal attempt to reduce their claim for damages.  In that case, the

plaintiffs attempted to enter a stipulation that their damages did not exceed $75,000 in order to

avoid federal jurisdiction.  The Court held that the plaintiffs' original stipulation "does not

establish to a legal certainty that the amount in controversy at the time of removal was less than

$75,000 because it does not include a renunciation of the right to enforce a judgment in the

amount greater than $75,000.  Id. at *10.

Here, plaintiffs simply state that the amount they have already received from State Farm,

$173,763.35, is not "in controversy" and does not form part of this lawsuit.  Plaintiffs assert that

the amount of wind damage to the Madere's dwelling over and above these amounts is in dispute

and that this amount does not exceed $74,999.  They have not attempted to enter a stipulation

that they are not entitled to a judgment of less than $75,000, nor do they renounce their right to

enforce a judgment in an amount greater than $75,000.

Without taking into consideration the statutory penalties sought by the plaintiff, the Court

finds that the plaintiffs' Petition, on its face, contains sufficient allegations to confer jurisdiction

based on 28 U.S.C. §1332 on this Court.

Accordingly,

**IT IS ORDERED** that the plaintiff's Motion to Remand (Rec. Doc. # 6) is hereby

**DENIED**.

New Orleans, Louisiana, this 13th day of September, 2006.

                                 _____

                                   **STANWOOD R. DUVAL, JR.**

                              **UNITED STATES DISTRICT JUDGE**