UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CATHY AND ALBERT MADERE**                **CIVIL ACTION**

**VERSUS**                                  **NO. 06-2889**

**STATE FARM FIRE & CASUALTY**              **SECTION "K"(4)**
**COMPANY**

### *ORDER AND OPINION*

Before the Court is a "Motion for Partial Summary Judgment" filed on behalf of defendant State Farm Fire & Casualty Company (State Farm) (Doc. 15) After reviewing the pleadings, memoranda, and relevant law, for the following reasons, the Court DENIES the motion.

### BACKGROUND

Plaintiffs filed suit against State Farm, their homeowner's insurer seeking to recover for damages sustained by their home and its contents on August 29, 2005, as a result of wind and rain related to Hurricane Katrina as well as penalties under La. Rev. Stat. §22:658 for State Farm's arbitrary and capricious failure to pay their claim within thirty (30) days after receipt of satisfactory proof of loss.

This motion seeks the dismissal of plaintiffs' claim under La. Rev. Stat. 22:658 for a penalty in the amount of fifty (50) percent of the amount recovered by plaintiffs for defendant's arbitrary or capricious failure to pay their claim within thirty (30) days of plaintiffs providing defendant with satisfactory proof of loss. Plaintiff contends that the fifty (50) percent penalty applies in this case, because "State Farm refused to reexamine its position and honor its commitment after August 15, 2006."

### LAW AND ANALYSIS

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir.1996) (*citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.1992) *(quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), cert. denied, 506 U.S. 832 (1992)). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis supplied); *Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir.1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 588. Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

At the time plaintiffs filed suit, Louisiana Revised Statute. 22:658 A (1) provides that

insurers[1] "shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proof of loss from the insured or any party in interest." When an insurer fails to make payment within that thirty (30) day period and the failure is "arbitrary, capricious or without probable cause", the insurer is "subject to a penalty, in addition to the amount of the loss, of twenty-five percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater . . ." La. Rev. Stat. 22:658 B(1). In June 2006, pursuant to Act 813, the Louisiana legislature amended §658 B(1) to increase the penalty to fifty (50) percent damages on the amount found to be due from the insurer to the insured. 2006 La. Sess. Law Serv., 1358-59 (West). The parties agree that the amendment became effective August 15, 2006, and that the amendment does not apply retroactively.

Citing *Weiss v. Allstate Insurance Company*, No. 06-3774 (E.D. La. March 28, 2007), State Farm contends that because plaintiffs filed suit prior to August 15, 2006, the amendment cannot apply, and therefore the maximum penalty available to plaintiffs is twenty five (25) percent. The Court concludes that *Weiss* is not dispositive in this case. *Weiss* addressed only the general issue of whether the amendment was retroactive; it did not examine at what point in time an insured's claim for penalties arises - the determinative issue in this case.

An insured is entitled to a penalty under §658 only when the insurer fails to pay a claim within thirty (30) days of receiving satisfactory proof of loss and the failure to pay the claim within the statutory period is arbitrary, capricious or without probable cause. Therefore, an insured's right to a penalty under §658 comes into existence only after the insurer fails to pay a claim within thirty

---

[1] Certain types of insurers, not involved herein, are excepted from the requirements of La. Rev. Stat. 22:658 A(1).

(30) days of receiving satisfactory proof of loss. *See Francis v. Travelers Insurance Company*, 581 So.2d 1036, 1044 (La. App. 1st Cir. 1991). The critical factor in determining the applicability of the amendment to §658 is not whether suit was filed prior to the effective date of the amendment, as urged by State Farm, but rather whether the thirty day period within which State Farm had to pay the claim, trigger by its receipt of a "satisfactory proof of loss," expired on or after August 15, 2006. If plaintiffs provided "satisfactory proof of loss" to defendant and the thirty (30) statutory period for paying the claim elapsed prior to August 15, 2006, the effective date of the amendment, then any penalty which plaintiffs might be entitled to would be limited to 25 percent of the loss. However, if plaintiff provided satisfactory proof of loss to defendant and the thirty day period for paying the claim elapsed after the effective date of the act, then plaintiff's right to a penalty would have arisen after the effective date of the amendment, and the amendment would apply in determining the amount of any penalty imposed on State Farm.

The purpose of the proof of loss provision of La. Rev. State. 22:658 in regard to penalties is to fully apprise the insurer of the nature and amount of the claim. *Benoit v. American Mutual Insurance Co. of Boston*, 236 So.2d 674, 677 (La. App. 3rd Cir. 1970). Because there is no evidence showing when, or if, plaintiffs provided State Farm with satisfactory proof of loss, the Court cannot determine whether the thirty (30) day period during which State Farm could have timely made payment, elapsed prior to or after the effective date of the amendment. Therefore, State Farm is not entitled to summary judgment on this issue. Accordingly, the motion is DENIED.

New Orleans, Louisiana this 4th day of June, 2007.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE